FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 6 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

LAKESHIA R. EDMOND,          )
    *Plaintiff,*          )
              )
vs.          )          Civil Action No.
              )          5:15cv339-BRW
FAIR CREDIT COLLECTIONS AND  )
OUTSOURCING,          )          This case assigned to District Judge Wilson
    *Defendant.*          )          and to Magistrate Judge Deere

---

### DEFENDANT FAIR COLLECTIONS & OUTSOURCING, INC.'S
### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Fair Collections & Outsourcing, Inc. ("FCO"), improperly sued herein as Fair Credit Collections and Outsourcing, files this Notice of Removal to remove this civil action from the District Court of Jefferson County, Arkansas where it was filed as 35-CV-15-464, to the United States District Court for the Eastern District of Arkansas.    In support of this Notice of Removal, FCO states as follows:

1.    FCO is incorrectly named in the Complaint.    The correct name of Defendant is Fair Collections & Outsourcing, Inc. ("FCO").    FCO is named as a defendant in a civil action pending in the District Court of Jefferson County, Arkansas, originally styled as *Lakeshia R. Edmond v. Fair Credit Collections and Outsourcing*, Case No. 35-CV-15-464.

2.    The action involves allegations related to the alleged incorrect reporting of information related to Plaintiff to at least one credit bureau by FCO.    Plaintiff alleges

that her application to rent an apartment was denied due to the allegedly incorrect information reported by FCO.

3.      Plaintiff's Complaint alleges a variety of tort and credit causes of action.

4.      In accordance with 28 U.S.C. 1446(a), copies of all process, pleadings and orders filed in the State Court Action as of this date and a copy of the state court's docket sheet are contained in the Index of Documents, which is attached hereto and filed contemporaneously with this Notice of Removal.

## DIVERSITY JURISDICTION

5.      The controversy between Plaintiff and FCO is a controversy between citizens of different states:

a)    According to Plaintiff's Complaint, Plaintiff is either a citizen of Fort Worth, Texas or Pine Bluff, Arkansas.  Plaintiff attached a copy of her Arkansas Drivers License to the Complaint.  However, Plaintiff states in the Complaint that she resides in Fort Worth, Texas (Complaint ¶J), and according to the Disability Determination and Transmittal document attached to Plaintiff's Complaint, Plaintiff is a Texas resident.

b)    FCO is not a citizen of Arkansas.  FCO is (and was at the time the Complaint was filed) a Maryland Corporation with its principal place of business in Beltsville, MD.

6.      The amount in controversy in this matter exceeds the sum of $75,000 exclusive of interest and cost:

a)    Plaintiff's Complaint states that Plaintiff seeks "in professional and personal damages" an amount in excess of $75,000.  Therefore, it is

2126082v.1

facially apparent from the state court Complaint that the amount in controversy exceeds $75,000 in value. *See Allen v. R.H. Oil & Gas Co.,* 63 F.3d 1326, 1336 & n. 16 (5th Cir. 1995) (removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum).

7.     Accordingly, because the controversy in this civil action is wholly between citizens of different states, and because the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, FCO may remove this action pursuant to 28 U.S.C. §§ 1332 & 1441.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

8.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

9.     Consent to Removal from any potential co-defendants is not required because no other defendants have been properly joined and served. (State Court Docket Sheet). *See Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) (a defendant can remove without the consent of a co-defendant who has not been served).

10.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days after receipt by FCO of a pleading from which it could first be ascertained that the case is one which has become removable. FCO was served with Plaintiff's Complaint on September 28, 2015.

11.     This Notice of Removal is also timely filed pursuant to 28 U.S.C. § 1446(c)(1) in that it is being filed within one year after commencement of the action. Plaintiff filed her Complaint on September 2, 2015.   FCO was served with the Complaint on September 28, 2015.

12.   Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on Plaintiff pro se and the clerk of the District Court of Jefferson County, Arkansas, which is located within the Eastern District of Arkansas.

13.   By removing this action to this Court, FCO does not waive any defense available to it.

14.   If any question arises as to the propriety of the removal of this action, FCO requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, FCO respectfully requests that this Notice of Removal be filed; that the action in the District Court of Jefferson County, Arkansas, be removed to this Court; and that no further proceedings be had in the District Court of Jefferson County.

Dated:  October 23, 2015.

Respectfully submitted,

Tori S. Levine
Arkansas Bar No. 2007305
tori.levine@wilsonelser.com

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
4800 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

ATTORNEY FOR DEFENDANT
FAIR COLLECTIONS & OUTSOURCING, INC.

2126082v.1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was forwarded to

Plaintiff pro se, via certified U.S. mail, return receipt requested on October 23, 2015.

Tori S. Levine

2126082v.1

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 6 2015

JAMES W. McCORMACK, CLERK
By:_____
          DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

LAKESHIA R. EDMOND,              )
    *Plaintiff,*              )
                      )
vs.              )      **Civil Action No.**
                      )      5:15cv 339-BRW
**FAIR CREDIT COLLECTIONS AND**   )
**OUTSOURCING,**              )
    *Defendant.*              )

---

### INDEX OF DOCUMENTS FILED WITH THE STATE COURT

---

    Defendant Fair Collections & Outsourcing, Inc. ("FCO") files this Index of Documents Filed in State Court, as of the date of filing its Notice of Removal, and as of the date this Appendix is being filed:

| EX. NO. | DOCUMENT FILED | FILING PARTY | DATE FILED |
|---|---|---|---|
| 1 | Cover Sheet | Plaintiff | 09/02/2015 |
| 2 | Complaint for Damages and Demand for Summary Judgment | Plaintiff | 09/02/2015 |
|  | Part 2 – Attachment to Complaint | Plaintiff | 09/02/2015 |
|  | Part 3 – Attachment to Complaint | Plaintiff | 09/02/2015 |
| 3 | Summons |  |  |
| 4 | Form for Notice and Acknowledgement for Service by Mail under Ark. R. Civ. P. 4(d)(8)(B) | Plaintiff | 09/02/2015 |
| 5 | Request to Amend Case 35-cv-15-464 | Plaintiff | 09/25/2015 |
| 6 | Complaint | Plaintiff | 10/5/2015 |
| 7 | Complaint | Plaintiff | 10/07/2015 |

2125620v.1

| 8 | Court Docket Sheet (printout from caseinfo.aoc.arkansas.gov) | Court | 10/22/2015 |

Dated:  October 23, 2015.

Respectfully submitted,

Tori S. Levine
Arkansas State Bar No. 2007305
tori.levine@wilsonelser.com

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
4800 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 698-8000
Facsimile: (214) 698-1101

ATTORNEY FOR DEFENDANT
FAIR COLLECTIONS & OUTSOURCING, INC.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was forwarded to

Plaintiff pro se via certified U.S., return receipt requested on October 23, 2015.

Tori S. Levine

2125620v.1

Exhibit 1

**Multiple claims.** If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

### FILING INFORMATION

County: _Chicot_   District: _1st_   Docket Number: CV-_15- 464_

Judge: _Wyatt_   Division: _2nd_   Filing Date: _Sep 2, 2015_

Plaintiff: _Cheryl Business Council (Nexshield)_   Defendant: _For Wilt the Swel Liberling MD 2nd_

Attorney Providing Information: _W. Kristink Gild_   _1234 Baltimur Ave Ste E Beltun MD 200_
☐ Plaintiff  ☐ Defendant  ☐ Intervenor   Address ___
Litigant, if Pro Se: _Kristink Gild_   _1241 Colmese Drive Fort Worth TX 76244_
Address ___

Related Case(s): Judge ___   Case Number(s) ___

**Type of Case:**

**Torts**
- ☐ (NM) Negligence: Motor Vehicle
- ☒ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☐ (OD) Other ___

**Contracts**
- ☐ (IS) Insurance
- ☒ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other ___

**Equity**
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other ___

**Miscellaneous**
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs ___
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other ___

**Jury Trial Requested:** ☐ Yes ☐ No   **Manner of Filing:** ☐ Original ☐ Re-open ☐ Transfer ☐ Return from Federal/Bankruptcy Court

### DISPOSITION INFORMATION

Disposition Date: ___   ☐ Bench Trial   ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff  ☐ Defendant  ☐ Both   Judgment Amount: $ ___

Clerk's Signature ___   Date ___

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**

Exhibit 2

CASE NO. 35CV-15-464

IN THE CIRCUIRT COURT OF 11th

2 nd

JUDICIAL DISTRICT WEST CIRCUIT IN AND FOR

JEFFERSON COUNTY, ARKANSAS

PINE BLH AR        )N

{

{

{

{

{

{

SOVEREIGN PROFESSIONAL SERVICES FOR BUSINESS OWNER

LAKESHIA RASHAWN EDMOND

Plaintiff,

Vs.

FAIR CREDIT COLLECITONS AND OUTSOURCING

Defendant

**COMPLAINT FOR DAMAGES AND DEMAND  FOR SUMMARY JUDGEMENT**

Plaintiff, LAKESHIA RASHAWN EDMOND, by and through undersigned counsel, who hereby represents herself

pro-se , hereby sue Defendants FAIR CREDIT COLLECTIONS AND OUTSOURCING  for damages and in support thereof, state as follows:

*TORT NEGLIENCE*

1.   This is an action for damages for in excess of maximum jurisdictional limits of this Court, and
     exclusive of costs and interest and otherwise within the jurisdiction of this court.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 9:37  O'CLOCK AM
Sept 02, 2015            DATE
LAFAYETTE WOODS, SR., CLERK
Lisa Harris

## COMPLAINT FOR DAMAGES AND DEMAND FOR SUMMARY JUDGEMENT

A.  Plaintiff LaKeshia RaShawn Edmond, spoke with creditor Fair Credit and Outsourcing Collections regarding account number 3477503 in which Plaintiff stated that she had no knowledge of the account.

B.  Plaintiff stated that in November where she provided creditor proof of address, and her current social security number.

C.  Defendant stated that her account did meet Fair Credit Reporting Act due invalid social security number on rental contract.

D.  Plaintiff spoke with representatives Brent and Henry Hartley who both stated that there was account associated with Plaintiff's social security number.

E.  Defendant sent signed rental agreement but did not have Plaintiffs valid social security number rental application.

F.  Defendants did not provide any proof of payment where Plaintiff took possession of unit/dwelling.

G.  Lease agreements show no copies of where proof of payment nor does the amounts match to the creditor Fair Credit Collections and Outsourcing.

H.  Per email conversation with Fair Credit Collections and Outsourcing agent Renee Carrol, stated that they had no further information to provide.

I.  Plaintiff was denied leasing an apartment due to Fair Credit Collections and Outsourcing reporting Plaintiff as owing Defendant.

J.  Plaintiff still resides at homeless shelter in Fort Worth Texas and has asked made several attempts to have this removed from her credit reports that began in November of 2014.

K.  Plaintiff and Business owner LaKeshia Edmond provided current copy of bank statement on 08/26/2015.

## Demand for Relief

WHEREFORE, the Plaintiff and business owner LaKeshia RaShawn Edmond, who suffers from Schizophrenia a mental illness, demands summary judgement against Defendant Fair Collections and Outsourcing for the sum of 25 billion in professional and personal damages.

**Plaintiff Demand**

**Plaintiff demands are civil summary judgement settlement.**

**Dated this 26th day of August 2015**

LaKeshia R. Edmond

Pro-Se



```
              _____  STFD 1 THF TRANSACTION STMT FORMAT    115/08/25 15.41.05
STMT      CO 10043 OP              MS 50852 ACTION COMPLETE
ACTION          COID              ACCT COND AOP RELATED |PBS CREDITS
PROD CODE DDA    ACCT     7004182239   SHORT NAME LAKESHIA R EDMOND
CURR CODE                 PAGE    7   SEARCH FROM 115/07/15 THRU 115/08/07
ACTN   POST  EFFECTIVE CHECK NUMBER   TRAN AMOUNT  D/C  OD         BALANCE
       TRACE ID                 DESCRIPTION
_____  * 08/05                        167.50   C                    97.26
       43000011508050025147 DEPOSIT
_____  * 08/05                         37.00   D                    60.26
       97000011508040218364 FEE - RETURNED ITEM
_____  * 08/06                         37.00   C                    97.26
       SST11508061019131011 RETURNED CHECK FEE REFUND
_____  * 08/06                         19.70   D                    77.56
       POS10806074949000009 PMT AMAZON.COM AMAZON.COM      SEATTLE       WA
_____  * 08/06                         37.00   D                    40.56
       43000011508060025456 WITHDRAWAL
_____  * 08/06        0199             25.00   D                    15.56
       97000011508060606090 CHECK (SUBSTITUTE)
_____  * 08/07                          2.93   D                    12.63
       FDR10806083327525909 VISA 6TH STREET SUNDRY MART FORT WORTH TX
_____  * 08/07                         15.48   D    Y               2.85-
       FDR10806084537032804 VISA SUNDANCE SUNDRIES&GIFT FORT WORTH TX
PF: 1-HELP 3-PLVL 7-SB 8-SF 9-ASUM 10-TRIG 11-CUTO -STSM
     3270 PASSTHRU EMULATION          08/25/15                   02:41:05
```

```
                  ____ STFD 1 THF TRANSACTION STMT FORMAT      115/08/25 15.41.08
STMT        CO 10043 OP               MS 50852 ACTION COMPLETE
ACTION            COID                 ACCT COND AOP RELATED |PBS CREDITS
PROD CODE DDA    ACCT      7004182239   SHORT NAME LAKESHIA R EDMOND
CURR CODE                  PAGE    8    SEARCH FROM 115/07/15 THRU 115/08/19
ACTN   POST   EFFECTIVE CHECK NUMBER   TRAN AMOUNT  D/C  OD         BALANCE
             TRACE ID                 DESCRIPTION
____  * 08/07                              9.10    D    Y           11.95-
        FDR10806084814033330 VISA SUNDANCE SUNDRIES&GIFT FORT WORTH TX
____  * 08/10                             37.00    D               48.95-
        FDR10806084537032804 FEE - OVERDRAFT
____  * 08/10                             37.00    D               85.95-
        FDR10806084814033330 FEE - OVERDRAFT
____  * 08/14                             13.00    D               98.95-
        I-GEN115081400001512 MAINTENANCE FEE
____  * 08/14                             13.00    C               85.95-
        I-GEN115081400001513 ACCESS CHECKING DIRECT DEPOSIT
____  * 08/14                              6.00    D               91.95-
        I-GEN115081400001514 CONTINUOUS OD FEE
____    08/17                              6.00    D               97.95-
        I-GEN115081700001794 CONTINUOUS OD FEE
____    08/18                              6.00    D              103.95-
        I-GEN115081800001596 CONTINUOUS OD FEE
PF: 1-HELP 3-PLVL 7-SB 8-SF 9-ASUM 10-TRIG 11-CUTO -STSM
    3270 PASSTHRU EMULATION          08/25/15                      02:41:09
```

```
              _____ STFD 1 THF TRANSACTION STMT FORMAT      115/08/25 15.41.11
STMT      CO 10043 OP               MS 50852 ACTION COMPLETE
ACTION          COID                ACCT COND AOP RELATED |PBS CREDITS
PROD CODE DDA   ACCT      7004182239  SHORT NAME LAKESHIA R EDMOND
CURR CODE                 PAGE    9   SEARCH FROM 115/07/15 THRU 115/08/20
ACTN  POST  EFFECTIVE CHECK NUMBER   TRAN AMOUNT  D/C  OD          BALANCE
       TRACE ID                    DESCRIPTION
_____  08/19                             6.00    D               109.95-
       I-GEN115081900001660 CONTINUOUS OD FEE
_____  08/20                            37.00    D               146.95-
       97000011508192647907 FEE - RETURNED ITEM
_____  08/20                             6.00    D               152.95-
       I-GEN115082000001575 CONTINUOUS OD FEE




PF: 1-HELP 3-PLVL 7-SB 8-SF 9-ASUM 10-TRIG 11-CUTO -STSM
    3270 PASSTHRU EMULATION         08/25/15                    02:41:11
```

MD3
SOCIAL SECURITY ADMINISTRATION                    CDJV23

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | | BIC (IF CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| PD5 | DCD | DPS | EDB | INTPSY | S49 | 06/13/13 | ●●●-●●●-●● | |
| ☒ | ☐ | ☐ | ☐ | | | | |

| 5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code) | 6. WE'S NAME (IF CDB or DWB CLAIM) |
|---|---|
| LAKESHIA RASHAWN EDMOND | |

J1504 GLORIOSA DR

KELLER TX 76244

**7. TYPE CLAIM (Title II)**

| DIB | FZ | DWB | LOE-P | COB-D | PD-M | KD-D | PD | P-R | P-D | MORE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**8. TYPE CLAIM (Title XVI)**

| DI | DR | DC | BI | BS | BC | INDIB |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 11/29/79 | PD ☒    DI ☐ | (817)741-7905 (682)622-1197 |

| 12. DISTRICT BRANCH OFFICE ADDRESS (Include ZIP Code) | DO-BO CODE |
|---|---|
| Federal Bldg | |
| 819 Taylor St Rm 1-A-07 | 821 |
| Fort Worth TX 76102 | |

RECEIPTED 07/11/13
AOD 08/30/12
DLI 12/31/2016

| 13. DO-BO REPRESENTATIVE | 14. DATE | 11A. ☐ Presumptive Disability | 11B. Impairment ____ |
|---|---|---|---|
| (866) 704-4858 | | | |

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|---|
| A. ☒ Disability Began | 04/10/13 | Schizophrenic, Paranoid and other functional psychotic disorders | 12 | 2950 | None established | 6490 |
| B. ☐ Disability Ceased | | | | | | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| MRN | 09/16 | 3 |

18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i) | 19. CLAIMANT NOT DISABLED

| A. ☐ Not Disab. for Cash Bene. | B. ☐ Disab. for Cash Benefit Purp. Bes. | A. ☐ Through Date or Current Determination B. ☐ Through ____ | C. ☐ Before Age 22 (CDB only) |
|---|---|---|---|

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev Ref |
|---|---|---|---|---|---|---|
| | | 13 | | A. | B. | C. |

| 21. REG-BASIS CODE | 24. MED LIST NO. | 25. MOB CODE | 25. REVISED | 26A. Initial Recon | Recon DHO | A. Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|
| CJ-1520(f) | | | DH ☐ | A. ☒ B. ☐ | C. ☐ | D. ☐ | E. ☐ | F. ☐ |

| 26. ISI BO | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

27. RATIONALE | ☐ See Attached | ☐ Check if Vocational Rule Met. Cite Rule ">"

| 28. A. ☒ Period of Disability B. ☐ Disability Period C. ☒ Katas Hrg | AND D. ☐ Continues | E. ☐ Term |
|---|---|---|

| 29. TIP/TAM NO | 30. DISABILITY EXAMINER-BDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | Felicia Lofton | 10/08/13 | See eCAT DDE dated 2013-10-03 | 10/03/13 |

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | 32B. SPEC. CODE |
|---|---|
| Sarah Jackson PHD | 38 |

| 34. REMARKS | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| Clmt is capable per Dr. HILBORN rpt dated 09/26/13 CHANGE IN ONSET SSA L1157-U2-DI | 34A. COMBINED MULTIPLE NONSEVERE-SEVERE |
| | 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36. REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 34. DATE |
|---|---|---|---|---|

Form SSA 531-U3  (5-83)                    Electronic Input: ☐ DECISION   ☐ CASE CONTROL



Your accounts that may be considered negative (continued)

---

**FAIR COLLECTIONS & OUTSOURCING**
12304 BALTIMORE AVE STE E
BELTSVILLE MD 20705
**Phone number**
(877) 324 7959
**Partial account number**
3477503
**Original creditor** AMLI AT FOSSIL LAKE 1205350

**Date opened**
May 2009
**First reported**
Aug 2009
**Date of status**
Aug 2009

**Type**
Collection
**Terms**
1 Months
**Monthly payment**
Not reported

**Credit limit or original amount**
$7,647
**High balance**
Not reported

**Recent balance**
$7,647 as of May 2011

**Responsibility**
Individual
**Status**
Collection account. $7,647 past due as of May 2011
This account is scheduled to continue on record until Jan 2016
**Comment**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).
**Your statement**
"I HAVE NO KNOWLEDGE OF THIS ACCOUNT."
This item was updated from our processing of your dispute in Nov 2014.

**Payment history**

| 2011 | | | | | 2010 | | | | | | | | | | | | 2009 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG |
| C | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | C | ND | ND | ND | ND | ND | ND | ND | ND | C |

---

**RS CLARK AND ASSOCIATES**
12990 PANDORA DR STE 150
DALLAS TX 75238
**Phone number**
(214) 503 1482
**Partial account number**
40462001628051
**Original creditor** WOODRIDGE APTS PREMIER

**Date opened**
May 2014
**First reported**
Aug 2014
**Date of status**
Aug 2014

**Type**
Collection
**Terms**
1 Months
**Monthly payment**
Not reported

**Credit limit or original amount**
$2,122
**High balance**
Not reported

**Recent balance**
$2,122 as of Apr 2015

**Responsibility**
Individual
**Status**
Collection account.
This account is scheduled to continue on record until Jan 2021.
**Comment**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)
This item was updated from our processing of your dispute in Dec 2014

**Payment history**

| 2015 | | | 2014 | | | | | |
|---|---|---|---|---|---|---|---|---|
| APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG |
| C | C | C | C | C | C | C | C | C |

---

**SEVENTH AVENUE**
1112 7TH AVE
MONROE WI 53566
**Phone number**
(800) 218 6843
**Partial account number**
524768871. .

**Date opened**
Nov 2011
**First reported**
May 2012
**Date of status**
May 2012

**Type**
Charge Card
**Terms**
Not reported
**Monthly payment**
Not reported

**Credit limit or original amount**
Not reported
**High balance**
$144

**Recent balance**
$144 as of Oct 2013

**Responsibility**
Individual
**Status**
Account charged off. $144 written off $60 past due as of Oct 2013
This account is scheduled to continue on record until Oct 2018.



# *EQUIFAX*

## *CREDIT FILE : June 16, 2015*
## *Confirmation # 5160034437*



Dear Lakeshia Rashawn Edmond:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at  866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

| *The Results Of Our Reinvestigation* |
| --- |

>>> *We have reviewed your concerns and our conclusions are:*
The disputed accounts credit systems internation FAC /9442932 and trident asset managent /9007531740 are Currently not reporting on the Equifax credit file.

| *Collection Agency Information*   *(This section includes accounts that have been placed for collection with a collection agency.)* |
| --- |

>>> *We have researched the collection account. Account # - 105829287 The results are:* This creditor is currently reporting a zero balance for this account. If you have additional questions about this item please contact:  *Credit Systems, PO Box 1088, Arlington TX 76004-1088*

Credit Systems;  Collection Reported 06/2015; Assigned 11/2011; Creditor Class - Medical/Health Care; Client - Radiology Assoc of North Tex; Amount - $42 ; Status as of 06/2015 - Paid; Date of 1st Delinquency 08/2011; Balance as of 06/2015 - $0 ; Last Payment Date 05/2015; Individual Account; Account # - 105829287; **Address:** PO Box 1088  Arlington TX 76004-1088 : (817) 640-1093

>>> *We have researched the collection account. Account # - 109499605 The results are:* This creditor is currently reporting a zero balance for this account. If you have additional questions about this item please contact:  *Credit Systems, PO Box 1088, Arlington TX 76004-1088*

Credit Systems;  Collection Reported 06/2015; Assigned 01/2014; Creditor Class - Medical/Health Care; Client - Radiology Assoc of North Tex; Amount - $59 ; Status as of 06/2015 - Paid; Date of 1st Delinquency 10/2013; Balance as of 06/2015 - $0 ; Last Payment Date 05/2015; Individual Account; Account # - 109499605; ADDITIONAL INFORMATION - Consumer Disputes This Account Information; **Address:** PO Box 1088  Arlington TX 76004-1088 : (817) 640-1093

>>> *We have researched the collection account. Account # - 3477503 The results are:* We verified that this item belongs to you. If you have additional questions about this item please contact:  *Fair Collections & Outsour, 12304 Baltimore Ave Ste E, Beltsville MD  20705-1314 Phone: (240) 374-5400*

 **GM il**                          Lakeshia Edmond <lakeshiaedmond@gmail.com>

## RE: 3477503
2 messages

---

**Renee Carroll** <rcarroll@fco.com>                          Wed, Aug 26, 2015 at 8.37 AM
To: Lakeshia Edmond <lakeshiaedmond@gmail.com>

Our office sent you the information we have on file, if you have additional questions you can contact the collectors at 877-324-7959.

**Renee Carroll**
**Compliance Officer**
**Fair Collections & Outsourcing, Inc.**
12304 Baltimore Ave Suite E
Beltsville, MD. 20705
Direct Phone:    240-374-5451
Direct Fax:      240-374-5651
rcarroll@fco.com

*FCO*

**From:** Lakeshia Edmond [mailto:lakeshiaedmond@gmail com]
**Sent:** Wednesday, August 26, 2015 9:37 AM
**To:** Renee Carroll
**Subject:** Re: 3477503

I am trying to send out information to confirm this account.

On Tue, Aug 25, 2015 at 2:30 PM, Renee Carroll <rcarroll@fco.com> wrote:

Do you need additional information?

**Renee Carroll**
**Compliance Officer**
**Fair Collections & Outsourcing, Inc.**
12304 Baltimore Ave Suite E
Beltsville, MD. 20705
Direct Phone:    240-374-5451
Direct Fax:      240-374-5651
rcarroll@fco.com

*FCO*

---

**From:** Lakeshia Edmond [mailto:lakeshiaedmond@gmail.com]
**Sent:** Tuesday, August 25, 2015 3:26 PM
**To:** Renee Carroll
**Subject:** Hi


Hi   Renee its me LaKeshia Edmond and I was contacting you regarding the reference number 3477503.


I wanted to make sure that we received the following information.


All the rental information that FCO has.


Is that correct?


You have provided everything in this customer's file.


Thank-you for your time and patient in this matter.


Sincerely,


LaKeshia Edmond

---

**Lakeshia Edmond** <lakeshiaedmond@gmail com>
To: Renee Carroll <rcarroll@fco.com>

Wed, Aug 26, 2015 at 8 40 AM

Thank-you
[Quoted text hidden]



12304 Baltimore Ave. STE #E
Beltsville, MD 20705

**Forwarding Service Requested**

08/19/2015
RE: <u>AMLI AT FOSSIL LAKE - (44760)</u>
Reference Account Number: <u>3477503</u>

**LAKESHIA EDMOND**
**11504 GLORIOSA DR**
**KELLER, TX 76244**

| | Assigned Principal: | Payments To FCO: | Account Balance: |
|---|---|---|---|
| Account Number: 3477503 | $7,646.80 | $0.00 | $7,646.80 |
| Creditor: AMLI AT FOSSIL LAKE - (44760) | | | |

## VERIFICATION OF THE DEBT

To LAKESHIA EDMOND

Enclosed per your request is verification of the above referenced debt for $7,646.80.

If you have any questions, please contact your collector.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Should you have any questions, please feel free to contact this office at the numbers listed below.

Sincerely,
Collections Department

12304 Baltimore Ave Suite #E, Beltsville, MD 20705
Tel: 240.374.5400 / 877.324.7959 - Fax: 240.374.5651 - www.fco.com

See additional page for important information regarding state and federal laws and your rights.
If you do not receive all pages of this communication, please contact this office immediately

## AMLI
### RESIDENTIAL

# RENTAL APPLICATION

AN APPLICATION MUST BE PERFORMED FROM ALL OCCUPANTS 18 YEARS OF AGE OR OLDER WHO WILL BE OCCUPYING THE APARTMENT. EFFORT IT CAN BE CONSIDERED BY MANAGEMENT

| | | |
|---|---|---|
| CONSULTANT _Susan Kramy_ | DATE LEASED _February 27, 2008_ | TIME 10:46 AM |
| COMMUNITY AMLI at Frisch Lake | | SCHEDULED M/I DATE 4/26/2008 |
| APARTMENT # 1315 | LEASE TERM 14 | RENTAL AMOUNT 1070 |

**\* APPLICANT \***

APPLICANT: Write n/a when information does not apply.

Name _Edward Lakett Jr._  DOB _1-24-1972 12:00:00 PM_  $ $4_____

**\* RESIDENT HISTORY \***

HAVE YOU OR ANY OCCUPANT LISTED IN THIS APPLICATION EVER BEEN EVICTED OR ASKED TO MOVE OUT OF AN APARTMENT OR HOME? YES (X) NO (X)

APPLICANT'S CURRENT ADDRESS _11200 Lbrrgs Drive_
CITY _Leder_  STATE _TX_
OWNER/MANAGER _his won right_

APPLICANT'S PREVIOUS ADDRESS  N/A

**\* EMPLOYMENT \***

**\* OTHER INCOME \***

**\* MISCELLANEOUS DATA \***

HAVE YOU OR ANY OCCUPANT LISTED IN THIS APPLICATION EVER BEEN CONVICTED OF OR PLEADED GUILTY OR NO CONTEST TO A FELONY AGAINST A SEX OR DRUG RELATED CRIME? YES (X) NO (X)

AUTO _car_
MAKE _chev_

NAME & AGE OF OCCUPANTS UNDER 18 TO OCCUPY UNIT: _Jordyn P Edmond 4_

# SIGNATURE

A non-refundable Application Fee of $ _50._ is required for the processing of this application.

A non-refundable Administrative Fee of $ _175._ is required for the preparation of this application and related lease documentation

A deposit of $ _500._ is and required at this time. If this application is approved, this deposit will be applied to the security deposit at the time of move in

Acceptance of this application is not binding on Management until the application is approved. This application must be signed before processing

Applicant may withdraw this application within 48 hours of its submission and all monies paid shall be refunded, except the Application Fee. If applicant is approved and fails to execute a lease agreement or refuses to occupy the premises or the agreed upon date, all monies paid shall be retained by Management as liquidated damages. If the applicant is not approved, all monies shall be refunded, except the Application Fee

The undersigned Applicant hereby certifies that the information given herein is complete true and correct. Owner and its agent/manager are hereby authorized to contact parties and those mentioned above to obtain background information on Applicant, to verify the accuracy and correctness of the statements contained herein, and to procure such other information which Owner or agent/manager may require to evaluate this application. Applicant further authorizes the procuring of information provided by Owner (or whoever's screening service. Any false or inaccurate information will constitute grounds for denial of this application)

I HAVE READ AND UNDERSTAND THE FOREGOING PROVISIONS.

Signature _[signature]_  DATE _02-27-08_

### LIVE LIFE. LOVE LIFE.

**FCO**

*Fair Collections & Outsourcing, Inc*

12304 Baltimore Ave. STE #E
Beltsville, MD 20705

**Forwarding Service Requested**

07/20/2015
RE: <u>AMLI AT FOSSIL LAKE - (44760)</u>
Reference Account Number: <u>3477503</u>

**LAKESHIA EDMOND**

**SENT VIA EMAIL**

| | Assigned | Payments | Account |
|---|---|---|---|
| **Account Number:** 3477503 | Principal: | To FCO: | Balance: |
| **Creditor:** AMLI AT FOSSIL LAKE - (44760) | $7,646.80 | $0.00 | **$7,646.80** |

## VERIFICATION OF THE DEBT

To LAKESHIA EDMOND

Enclosed per your request is verification of the above referenced debt for $7,646.80.

If you have any questions, please contact your collector.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Should you have any questions, please feel free to contact this office at the numbers listed below.

Sincerely,
Collections Department

12304 Baltimore Ave Suite #E, Beltsville, MD 20705
Tel: 240.374.5400 / 877.324.7959 • Fax: 240.374.5651 • www.fco.com

See additional page for important information regarding state and federal laws and your rights.
If you do not receive all pages of this communication, please contact this office immediately

05/21/2009 WED 13:33  FAX                                    2002/009

OneSite - Final account statement : LaKeshia Edmond                    Page 1 of 2

**AMLI at Fossil Lake**
5660 Travertine Ln
Fort Worth, TX 76137

Lakeshia Edmond
5929 Siltstone Lane #416
Fort Worth, TX 76137

## Final account statement

| Ledger Account at move-out | |
|---|---|
| 08/20/2008-09/20/2008 | 8.99 |
| 09/20/2008-10/20/2008 | 8.99 |
| Eviction or legal fees - Edmond | 87.00 |
| Late Fees | 380.00 |
| Re-let Fee - Edmond | 1,003.00 |
| Rent | 2,380.00 |
| SE 08/20/2008-09/20/2008 | 4.82 |
| SE 09/20/2008-10/20/2008 | 5.96 |
| Service Admin Fee | 8.00 |
| Skip Rent | 3,068.00 |
| Skip Rent - Edmond | 1,180.00 |
| Trash Fee Receipts - 09/20/08-10/20/08 | 5.99 |
| Trash Fee Receipts - 10/20/08-12/10/08 | 9.85 |
| WA 08/20/2008 09/20/2008 | 8.85 |
| WA 09/20/2008-19/20/2008 | 5.96 |
| Water Submetering Receipts - 09/20/08-10/20/08 | 15.57 |
| Water Submetering Receipts - 10/20/08-11/10/08 | 14.37 |
| Balance at move out | 8,146.80 |

| Deposit Activities | |
|---|---|
| Deposit Received | (225.00) |
| Deposit Received | (275.00) |
| Total Deposits on hand | (500.00) |

| Additional charges/credits/payments after move-out | |
|---|---|
| Total additional charges / credits / payments | 0.00 |

| Final Account balance | |
|---|---|
| Balance at move-out | 8,146.80 |
| Total Deposits | (500.00) |
| Total additional charges / credits / payments | 0.00 |
| Total account balance due | 7,646.80 |

| FAS Prepared | |
|---|---|
| Date | 04/21/2009 |
| User | Harris, Tiffany |

| Pay to | |
|---|---|
| Edmond, LaKeshia | |

| Lease information - Unit 4-416 | |
|---|---|
| Move in | 07/18/2008 |
| Notice given | 12/10/2008 |
| Lease expires | 09/21/2009 |
| Move-out | 04/18/2009 |
| Move-out reason | Evicted for non payment of rent |

This is the Final Account Statement for your apartment which itemizes charges and/or credits that were applied to your
account. You have 14 days to either pay the balance on your account or dispute the validity of this debt, or any portion thereof.
If one of these actions is not taken within 14 days the account will be assigned to our collection agency and reported to all the

http://ver221203onesite.realpage.com/rents/new_RESIDENT/WizardsObjectOriented/Fina...   4/21/2009

OneSite - Final account statement : LaKeshia Edmond                    Page 2 of 2

major credit bureaus. Please do not hesitate to contact our o₂ ʳᵉ if you have any questions

Manager



**TEXAS APARTMENT ASSOCIATION**

This Lease Contract is only valid if filled out before January 1, 2010.

**Apartment Lease Contract**

This is a binding contract. Read carefully before signing.



**AATC**

Date of Lease Contract:   May 20, 2008
(when the Lease Contract is filled out)

## Moving In — General Information

1. **PARTIES.** This Lease Contract is between you, the resident(s) (list all people signing the Lease Contract): LaKeshia B. Edmond

and us, the owner: AHLI Management Company on Behalf of the Owner

(name of apartment community or title holder). You've agreed to rent Apartment No. 416 , at 5929 Siltstone Lane , (street address) in North , (city), Texas 76137 (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above, and a guest is authorized by you or is the tenant of a new resident death. The terms "we," "us," and "our" refer to the owner listed above and not to property managers or anyone else. Written notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor must be executed.

2. **OCCUPANTS.** The apartment will be occupied only by you and (list all other occupants not signing the Lease Contract):

Jordyn P Edmond

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than 1 consecutive days without our prior written consent, and no more than twice that many days in any one month. If the person stays over (as filled out, but does not consent of the owner).

3. **LEASE TERM.** The initial term of the Lease Contract begins on the 1st day of July , 2008 (year), and ends at 11:59 p.m. the 21st day of September , 2009 (year). This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days written notice of termination or intent to move-out as required by paragraph 39. If the number of days isn't filled in, at least 30 days notice is required.

4. **SECURITY DEPOSIT.** The total security deposit for all residents is $ 500.00 , due on or before the date this Lease Contract is signed. The amount (filled out) does not include an animal deposit. Any animal deposit will be stated in an animal addendum. See paragraphs 41 and 42 for security deposit return information.

5. **KEYS, FURNITURE AND APPLIANCE OF MOVE-OUT.** You will be provided 2 apartment key(s), 2 mailbox key(s), and 1 other access devices for Key Fob . Any common mail and to apartment and/or according to a remaining residents affidavit. You agree to surrender and not to sublet, and to not enter the apartment, or let no one come in while deposit is inspected. Your apartment will be (see) rent-ed furnished or unfurnished.

6. **RENT AND CHARGES.** You will pay $ 1180.00 per month for rent, in advance and without demand. (check one)

☐ at the onsite manager's office
☐ through our online payment system
☐ at Night drop $ 1050.00 YC

In (cost) rent each month. Otherwise, you must pay your rent on or before the 1st day of each month due date with a grace period. Cash is unacceptable unless our prior written permission. You must not withhold or offset rent unless authorized by statute. We must, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one money order (not multiple months). If you don't pay all rent on or before the 3rd day of the month and we haven't given notice to vacate before that date, you'll pay an initial late charge of $ 50.00 plus a late charge of $ 10.00 per day thereafter until paid in full. We will not impose late charges until at least the (date).

10. **SPECIAL PROVISIONS.** The following or attached special provisions and any addenda or written rules furnished to you at or before signing become a part of this Lease Contract and will supersede any conflicting provisions of this printed Lease Contract form.

Paragraph 3 is modified such that, even though at least 60 days notice is required to terminate this Lease at the end of its initial term, only a 30 day notice will be required to terminate this Lease at the end of any month-to-month renewal term.

LaKeshia B Edmond
Your initials ___ (Initials of Our Representatives)

7. **UTILITIES.** We'll pay for the following items if checked: ☐ gas ☐ water ☐ wastewater ☐ electricity ☐ trash ☐ cable TV ☐ master antenna ☐ Internet service ☐ other utilities

You'll pay for all other utilities, related deposits, and any charges or fees, on such utilities during your Lease Contract term. You must not allow any utilities (other than cable or Internet) to be cut off or switched for any reason, including disconnection for not paying your bills, until the Lease Contract term or renewal period ends. If a utility is submetered or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules. If a utility is individually metered, it must be connected in your name and you must notify the utility provider of your move-out date so the name can be switched. If you delay getting it turned on in your name by your move-in date or cause it to be transferred back into our name before you move-out or abandon the apartment, you'll be liable for a $ 50.00 charge (not to exceed $ N/A plus the actual cost of utilities used while the utilities were in our name. If you live in an area open to competition and your apartment is individually metered, you may choose or change your retail electric provider at any time. If you quality, your provider will be the same as ours, unless you choose a different provider. If you choose or change your provider, you must provide us written notice. You must pay all applicable provider fees, including any fees to change service back once it becomes name you move out.

8. **INSURANCE.** Our insurance does not cover the loss of or damage to your personal property. You are (check one): ☐ required to buy and maintain renter's or liability insurance; ☐ not required to buy renter's or liability insurance (neither is checked, insurance is not required by us) but strongly encouraged to buy it and have enough insurance to cover damage, your loss and other similar occurrences.

9. **SECURITY DEVICES. What We Must Provide.** Texas law requires, with some exceptions, that we provide at no cost to you when occupancy begins: (1) a window latch on each window; (2) a doorviewer on each exterior door; (3) a pin lock on each sliding glass door; (4) a handle latch or a security bar on each sliding glass door; (5) a keyless bolting device (deadbolt) on each exterior door; and (6) either a keyed deadbolt lock or a keyed dead-bolt lock on one entry door. "Keyed locks" will be rekeyed after the prior resident moves out. The rekeying will be done either before you move in or within 7 days after you move in, as required by statute. If we fail to install or rekey security devices as required by the Property Code, you have the right to do so and deduct the reasonable cost from your rent only payment under Section 92.165(1) of the Code.

**What You Are Now Requesting.** Subject to some limitations under Texas law you there at any time ask us to: (1) install one keyed deadbolt lock on an exterior door if it does not have one (2) install a security bar on a sliding glass door if it does not have one; and (3) change or rekey locks or latches. We must comply with those requests, but you may pay for those subject to statutory restrictions as initial security devices you request, but for rekeying requesting re-to install or change at your expense.

*If no one is filled in, then you are requesting none at this time*

**Payment.** We will pay for installing security devices that are required by statute. You will pay for (1) rekeying that you request (except when we failed to rekey after the previous resident moved out); and (2) repairs or replacements due to misuse or damage by you or your family, occupants, or guests. You must pay immediately after the work is done unless state statute makes authorizes advance payment. You also must pay for additional or changed security devices you request in advance or otherwise, at our option.

## Special Provisions and 'What If' Clauses

11. **UNLAWFUL EARLY MOVE-OUT; RELETTING CHARGE.** You'll be liable for a reletting charge of $ 1093.00 (not to exceed 85% of the highest monthly rent during the Lease Contract term) if you:

(1) fail to move in, or fail to give written notice to vacate as required in paragraphs 23 or 37, or
(2) move out without paying rent in full for the entire Lease Contract term or renewal period, or
(3) move out at our demand because of your default, or
(4) are judicially evicted.

The reletting charge is not a cancellation fee and does not release you from your obligation under this Lease Contract. See the next paragraph of page 2.

0520200801620Lta08031854

LaKeshia B Edmond
Your initials ___ (Initials of Our Representatives)

Apartment Lease Contract         © 2007, Texas Apartment Association, Inc.         Page 1 of 6

Not a Release. The moving charge is not a Lease Contract cancellation or buyout fee. It is a liquidated amount covering only part of our damages, that is, our time, effort, and expense in locating and processing a replacement. These damages are uncertain and difficult to ascertain—particularly those relating to make- ready, turnover expense, paperwork, advertising, showing apartments, utilities for showing, checking prospects, overhead, marketing costs, and locator-service fees. You agree that the moving charge is a reasonable estimate of such damages and that the charge is due whether or not our re-renting attempts succeed. If no amount is stipulated, you must pay our actual re-renting costs so far as they can be determined. The moving charge does not release you from continued liability for future or past-due rent, charges for cleaning, repairing, repainting, or unreturned keys, or other sums due.

12. **DAMAGES AND REIMBURSEMENT.** You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community due to a violation of the Lease Contract or rules; improper use; negligence; other conduct by you or your invitees, guests or occupants; or any other cause not due to our negligence or fault. You will indemnify and hold us harmless from all liability arising from the conduct of you, your invitees, guests, or occupants, or our representatives who perform at your request services not contemplated in this Lease Contract. Unless the damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for—repairs, replacement costs, and damage to the following if occurring during the Lease Contract term or renewal period: (1) damage to doors, windows, or screens; (2) damage from windows or doors left open; and (3) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment. We may require payment at any time, including advance payment of repairs for which you're liable. Delay in demanding sums you owe us is not a waiver.

13. **CONTRACTUAL LIEN AND PROPERTY LEFT IN APARTMENT.** All property in the apartment is (unless exempt under Section 54.042 of the Texas Property Code) subject to a contractual lien to secure payment of delinquent rent. For this purpose, "apartment" excludes common areas but includes interior living areas and exterior patios, balconies, attached garages, and storerooms for your exclusive use.

**Removal After We Exercise Lien for Rent.** If your rent is delinquent, our representative may peaceably enter the apartment and remove and/or store all property subject to lien. Written notice of entry must be left afterwards in the apartment in a conspicuous place—plus a list of items removed. The notice must state the amount of delinquent rent and the name, address, and phone number of the person to contact about the amount owed. The notice must also state that the property will be promptly returned when the delinquent rent is fully paid. All property in the apartment is presumed to be yours unless proven otherwise.

**Removal After Surrender, Abandonment, or Eviction.** We or law officers may remove or store all property remaining in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) if you're judicially evicted or if you surrender or abandon the apartment.

**Storage.** We will store property removed under a contractual lien. We have but have no duty to, store property removed after judicial eviction, surrender, or abandonment of the apartment. We're not liable for casualty loss, damage, or theft except for property removed under a contractual lien. You must pay reasonable charges for our packing, removing, storing, and selling any property. We have a lien on all property removed and stored after surrender, abandonment, or judicial eviction for all sums due under this Lease Contract, including our charges for packing, removing, and storing.

**Redemption.** If we seized and stored property under a contractual lien and if you requested (in the Property Code) you may redeem the property by paying all delinquent rent due at the time of seizure. But if we seized it under a judicial eviction or when you abandoned the apartment, you may redeem only by paying the delinquent rent and reasonable charges for packing, removing, and storing. If before the deadline we receive from you in writing both an itemized list of property and notice of an offer to redeem, we must promptly return all items on your list unless they've already been sold. We may recover charges relating to storage, sale, and packing.

---

### While You're Living in the Apartment

---

18. **COMMUNITY POLICIES OR RULES.** You and all guests and occupants must comply with any written apartment rules and community policies, including instructions for care of our property. Our rules are considered part of this Lease Contract. We may make reasonable changes to written rules, effective immediately, if they are distributed and applicable to all units in the apartment community and do not change dollar amounts on page 1 of this Lease Contract.

19. **LIMITATIONS ON CONDUCT.** The apartment and other areas reserved for your private use must be kept clean. Trash must be disposed of at least weekly in appropriate receptacles in accordance with local ordinances. Passageways may be used only for entry or exit. You and your guests, invitees, family members, or occupants may not solicit business or contributions. Conducting any kind of business (including child care services) in your apartment or in the apartment community is prohibited—except that any lawful business conducted "at home" by computer, mail, or telephone is permissible if customers, clients, patients, or other business associates do not come to your apartment for business purposes. We may regulate (1) the use of patios, balconies, and porches; (2) the conduct of furniture movers and delivery persons; and (3) recreational activities in common areas.

We may exclude from the apartment community guests or others who, in our judgment, have been violating the law, violating this Lease Contract or any apartment rules, or disturbing other residents, neighbors, visitors, or owner representatives. We may also exclude from any outside area or common area a person who refuses to show photo identification or refuses to identify himself or herself as a resident, occupant, or guest of a specific resident in the community.

You will notify us within 15 days if you or any occupants are convicted of any felony, or misdemeanor involving a controlled substance, violence to another person or destruction of property. You also agree to notify us within 15 days if you or any occupants register as a sex offender in any state. Informing us of criminal convictions or sex offender registry does not waive any rights we have against you.

In accrued property at the place of storage, the management office, or the apartment (at our option). We may require payment by cash, money order, or certified check.

**Disposition of Sale.** Except for animals and property removed after the death of a sole resident, we may throw away or give to a charitable organization all items of personal property that are: (1) left in the apartment after surrender or abandonment; or (2) left outside more than 1 hour after writ of possession is executed, following judicial eviction. Animals removed after surrender, abandonment, or eviction may be turned over to local authorities or humane societies. Property not thrown away or given to charity may be disposed of only by sale, which must be held no sooner than 30 days after written notice of sale to you at your last known address. The notice must include the amount that would be required to redeem the property and a statement that you have a right to redeem it. The sale may be as a public or private sale. Before the sale, we will mail you notice of the date, time, and place of sale to your last known address. The notice must itemize the amounts you owe and the name, address, and phone number of the person to contact about the sale, the amount owed, and your right to redeem the property. Sale may be by public or private sale; notice is subject to any third party ownership or lien claims, must be to the highest cash bidder, and must be in bulk, in batches, or item by item. Proceeds exceeding sums owed must be mailed to you at your last known address within 30 days after sale.

16. **FAILING TO PAY FIRST MONTH'S RENT.** If you don't pay the first month's rent when or before the Lease Contract begins, all future rent will be automatically accelerated without notice and immediately due. We also may end your right of occupancy and recover damages, future rent, re-renting charges, attorney's fees, court costs, and other lawful charges. Our rights, remedies, and duties under paragraphs 11 and 32 apply to acceleration under this paragraph.

17. **RENT INCREASES AND LEASE CONTRACT CHANGES.** No rent increases or Lease Contract changes are allowed before the initial Lease Contract term ends, except for changes allowed by any special provisions in paragraph 10, by a written addendum or amendment signed by you and us or by reasonable changes of apartment rules allowed under paragraph 18. If, at least 5 days before the advance notice deadline referred to in paragraph 3, we give you written notice of rent increases or Lease Contract changes effective when the Lease Contract term or renewal period ends, this Lease Contract will automatically continue month-to-month with the increased rent or Lease Contract changes. The new modified Lease Contract will begin on the date stated in the notice (without necessity of your signature) unless you give us written move-out notice under paragraph 37. The written move-out notice under paragraph 37 applies only to the end of the current Lease Contract term or renewal period.

15. **DELAY OF OCCUPANCY.** If occupancy is or will be delayed for construction, repairs, cleaning, or a previous resident's holding over, we're not responsible for the delay. The Lease Contract will remain in force subject to: (1) abatement of rent on a daily basis during delay; and (2) your right to terminate as set forth below. Termination notice must be in writing. After termination, you are entitled only to refund of deposit(s) and any rent paid. Rent abatement or Lease Contract termination does not apply if delay is for cleaning or repairs that don't prevent you from occupying the apartment.

If there is a delay and we haven't given notice of delay as set forth immediately below, you may terminate up to the date when the apartment is ready for occupancy, but not later:

(1) If we give written notice to any of you when or after the Lease Contract begins—and the notice states that construction has been delayed because of construction by a previous resident's holding over, and that the apartment will be ready on a specific date—you may terminate the Lease Contract within 3 days of your receiving the notice, but not later.

(2) If we give written notice to any of you before the effective Lease Contract date and the notice states a construction delay is expected and that the apartment will be ready for you to occupy on a specific date, you may terminate the Lease Contract within 7 days after any such notice is received, but not later. The readiness date is considered the new effective Lease Contract date for all purposes. This new date may not be moved to an earlier date unless we and you agree.

17. **DISCLOSURE RIGHTS.** If someone requests information on you or your rental history for law-enforcement, governmental, or business purposes, we may provide it. At our request, any utility provider may furnish us information about pending or actual connections or disconnections of utility service to your apartment.

20. **PROHIBITED CONDUCT.** You and your occupants or guests may not engage in the following activities: criminal conduct; behaving in a

0520200081800Za&0031854

---

**I.a.Kamblia R** _[signature]_

Your Initials _____   Initials of Our Representative _____   Apartment Lease Contract   © 2007, Texas Apartment Association, Inc.   Page 2 of 6

a loud or obnoxious manner; disturbing or threatening the rights, comfort, health, safety, or convenience of others (including our agents and employees) in or near the apartment community; [illegible] manufacturing, delivering, or possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; [illegible] discharging a firearm in the apartment community; displaying or possessing a gun, knife, or other weapon in the common area [illegible] in a way that may alarm others; [illegible] tampering with utilities or telecommunications; [illegible] hazardous materials into the apartment community; [illegible] heating the apartment with a gas-operated cooking stove or oven; or injuring our reputation by making bad faith allegations against us to others.

21. PARKING. We may regulate the time, manner, and place of parking all cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles. Motorcycles or motorized bikes may not be parked inside an apartment or on sidewalks, under stairwells, or in handicapped parking areas. We may have unauthorized or illegally parked vehicles towed according to state law at the owner or operator's expense at any time if it:
(1) has a flat tire or is otherwise inoperable;
(2) is on jacks, blocks or has wheel(s) missing;
(3) takes up more than one parking space;
(4) belongs to a resident or occupant who has surrendered or abandoned the apartment;
(5) is in a handicap space without the legally required handicap insignia;
(6) is in a space marked for office visitors, managers, or staff;
(7) blocks another vehicle from exiting;
(8) is in a fire lane or designated "no parking" area;
(9) is in a space marked for other resident(s) or apartment(s);
(10) is on the grass, sidewalk, or patio;
(11) blocks garbage trucks from access to a dumpster; or
(12) [illegible]

22. RELEASE OF RESIDENT. [illegible]

Death of Sole Resident. [illegible]

23. MILITARY PERSONNEL CLAUSE. [illegible]

24. RESIDENT SAFETY AND LOSS. [illegible]

Detection Devices. [illegible]

Loss. [illegible]

[illegible]

Crime or Emergency. [illegible]

25. CONDITION OF THE PREMISES AND ALTERATIONS. [illegible]

[illegible]

26. REQUESTS, REPAIRS, AND MALFUNCTIONS. [illegible] — IT MUST BE SIGNED AND IN WRITING [illegible]

[illegible]

27. ANIMALS. [illegible]

[illegible]

05202008018003tx08031854

LaKeshia R. [illegible]

[illegible]

we will be liable for loss, harm, sickness, or death of the animal unless due to our negligence. We'll return the animal to you upon request if it has not already been turned over to a humane society or the proper authority. You must pay for the animal's reasonable care and boarding charges. We have no lien on the animal for any purpose.

**19. WHEN WE MAY ENTER.** If you or any guest or occupant is present, then repairers, servicers, contractors, our representatives, or other persons listed in (2) below may peaceably enter the apartment at reasonable times for the purposes listed in (2) below. If nobody is in the apartment, then such persons may enter peacefully and at reasonable times by a phone or master key (i.e. by breaking a window or other means when necessary) if:

(1)   written notice of the entry is left in a conspicuous place in the apartment immediately after the entry; and

(2)   entry is for: responding to your request, making repairs or replacements, estimating repair or refurbishing costs, performing pest control, doing preventive maintenance, checking for water leaks, changing filters, testing or replacing smoke detector batteries, retrieving unreturned tools, equipment, or appliances, preventing waste or untidiness, exercising our contractual lien, leaving notices, delivering, installing, reconnecting, or replacing appliances, furniture, equipment, or security devices; removing or rekeying unauthorized security devices; removing unauthorized window coverings; stopping excessive noise; removing health or safety hazards (including hazardous materials), or items prohibited under our rules; removing perishable foodstuffs if your electricity is disconnected; removing unauthorized animals; cutting off electricity according to statute; retrieving property owned or leased by former residents; inspecting when immediate danger to person or property is reasonably suspected; allowing persons to enter as you authorized in your rental application (if you die, are incarcerated, etc.); allowing entry by a law officer with a search or arrest warrant, or in hot pursuit; showing apartment to prospective residents (after move-out or vacate notice has been given), or showing apartment to government representatives for the limited purpose of determining housing and fire ordinance compliance, and to lenders, appraisers, contractors, prospective buyers, or insurance agents.

**20. MULTIPLE RESIDENTS.** Each resident is jointly and severally liable for all Lease Contract obligations. If you or your guest or any guest violates the Lease Contract or rules, all residents are considered to have violated the Lease Contract. Our requests and notices (including rent notices) to any resident constitute notice to all residents and occupants. Notices and requests from any resident or occupant constitute notice from all residents. Your notice of Lease Contract termination may be given only by residents. In eviction suits, each resident is considered the agent of all other residents in the apartment for service of process. Any resident who defaults under this Lease Contract will indemnify the non-defaulting residents and their guarantors.

Security-deposit refund check and any deduction itemizations will be by either/or:

☐ one check jointly payable to all residents and mailed to any one resident we choose; OR

☐ one check payable and mailed to

_____
(name/s of one resident)

If neither is checked, then the refund will be made to one check jointly payable to all residents.

**18. REPLACEMENTS AND SUBLETTING.** Replacing a resident, subletting, or assignment is allowed only when we consent in writing. If departing or remaining residents find a replacement resident acceptable to us before moving out and we expressly consent to the replacement, subletting, or assignment, then:

(1)   a reletting charge will not be due;

(2)   a reasonable administrative (paperwork) fee will be due, and a rekeying fee will be due if rekeying is requested or required; and

(3)   the departing and remaining residents will remain liable for all Lease Contract obligations for the rest of the original Lease Contract term.

Procedures for Replacement. If we approve a replacement resident, then, at our option: (1) the replacement resident must sign this Lease Contract with or without an increase in the total security deposit, or (2) the remaining and replacement residents must sign an entirely new Lease Contract. Unless we agree otherwise in writing, your security deposit will automatically transfer to the replacement resident as of the date we approve. The departing resident will no longer have a right to occupancy or a security-deposit refund, but will remain liable for the remainder of the original Lease Contract term unless we agree otherwise in writing—even if a new Lease Contract is signed.

**21. RESPONSIBILITIES OF OWNER.** We'll act with customary diligence to:

(1)   keep common areas reasonably clean, subject to paragraph 25;

(2)   maintain fixtures, hot water, heating, and A/C equipment;

(3)   substantially comply with all applicable laws regarding safety, sanitation, and fair housing; and

(4)   make all reasonable repairs, subject to your obligation to pay for damages for which you are liable.

If we violate any of the above, you may possibly terminate this Lease Contract and exercise other remedies under Property Code Section 92.056 by following this procedure:

(a)   all notices must be in writing and you must make a written request for repair or remedy of the condition—after which we'll have a reasonable time for repair or remedy;

(b)   if we fail to do so, you must make a second written request for the repair or remedy (to make sure that there has been a miscommunication between us)—after which we'll have a reasonable time for the repair or remedy; and

(c)   if the repair or remedy still hasn't been made within that reasonable time period, you may immediately terminate this Lease Contract by giving us a final written notice. You also may exercise other statutory remedies, including those under Property Code Section 92.056.

Instead of giving the two written requests referred to above, you may give us one written request by certified mail, return receipt requested (or other verifiable proof of delivery) — after which we'll have a reasonable time for repair or remedy. "Reasonable time" takes into account the nature of the problem and the reasonable availability of materials, labor, and utilities. Your rent must be current at the time of any request. We will refund security deposits and prepaid rent as required by law.

**22. DEFAULT BY RESIDENT.** You'll be in default if: (1) you don't pay rent or other amounts that you owe on time; (2) you or any guest or occupant violates this Lease Contract, apartment rules, or fire, safety, health, or criminal laws, regardless of whether or where arrest or conviction occurs; (3) you abandon the apartment; (4) you give incorrect or false answers in a rental application; (5) you or any occupant is arrested, charged, detained, convicted, or given deferred adjudication or pretrial diversion for (i) a felony offense involving actual or potential physical harm to a person, or involving possession, manufacture, or delivery of a controlled substance, marijuana, or drug paraphernalia as defined in the Texas Controlled Substances Act, or (ii) any sex-related crime, including a misdemeanor; (6) any illegal drugs or paraphernalia are found in your apartment; (7) you or any occupant, in bad faith, makes an invalid habitability complaint to an official or employee of a utility company or the government.

Eviction. If you default, we may end your right of occupancy by giving you a 24-hour written notice to vacate. Notice may be by: (1) regular mail; (2) certified mail, return receipt requested; (3) personal delivery to any resident; (4) personal delivery at the apartment to any occupant over 16 years old; or (5) affixing the notice to the inside of the apartment's main entry door. Notice by mail will be considered delivered on the earlier of: (1) actual delivery; or (2) three days (not counting Sundays or federal holidays) after the notice is deposited in the U.S. Postal Service with postage. Termination of your occupancy rights or subsequent reletting doesn't release you from liability for future rent or other Lease Contract obligations. After giving notice to vacate or filing an eviction suit, we may still accept rent or other sums due; the filing or acceptance doesn't waive or diminish our right of eviction, or any other contractual or statutory right. Accepting money at any time doesn't waive our right to damages, past or future rent, or other sums. Our delay in demanding sums you owe is not a waiver.

Acceleration. All monthly rent for the rest of the Lease Contract term or renewal period will be accelerated automatically without notice or demand (before or after acceleration) and will be immediately due and delinquent if, without our written consent: (1) you move out, remove property in preparing to move out, or give oral or written notice (by you or any occupant) of intent to move out before the Lease Contract term or renewal period ends; and (2) you haven't paid all rent for the entire Lease Contract term or renewal period. Such conduct is considered a default for which we need not give any notice. Remaining rent also will be accelerated if you're judicially evicted or move out when we demand because you've defaulted. Acceleration is subject to our mitigation obligations below.

Holdover. You or any occupant, invitee, or guest must not hold over beyond the date contained in your move-out notice or our notice to vacate (or beyond a different move-out date agreed to by the parties in writing). If a holdover occurs, then: (1) holdover rent is due in advance on a daily basis and may become delinquent without notice or demand; (2) rent for the holdover period will be increased by 25% over the then-existing rent, without notice; (3) you'll be liable to us (subject to our mitigation duties) for all rent for the full term of the previously signed Lease Contract of a new resident who can't occupy because of the holdover; and (4), at our option, we may extend your Lease Contract term—for up to one month from the date of notice of Lease Contract extension—by delivering written notice to you or your apartment while you continue to hold over.

Other Remedies. If your rent is delinquent and you give 3 days' prior written notice, we may terminate electricity that we've furnished at our expense, unless government regulations permit otherwise. We may report unpaid amounts to credit agencies. If you default and move out early, you will pay us any amounts stated to be rental discounts or concessions agreed to in writing, in addition to other sums due. Upon your default, we have all other legal remedies, including Lease Contract termination and statutory lockout under Section 92.0081 of the Property Code. Unless a party is seeking exemplary, punitive, sentimental, or personal-injury damages, the prevailing party may recover from the non-prevailing party attorney's fees and all other litigation costs. We may recover attorney's fees in connection with enforcing our rights under this Lease Contract. You agree that late charges are liquidated damages and a reasonable estimate of such damages for our time, inconvenience, and overhead in collecting late rent are not for attorney's fees and litigation costs. All unpaid amounts you owe, including judgments, bear 18% interest per year from date due, compounded annually. You must pay all collection-agency fees if you fail to pay all sums due within 10 days after we mail you a letter demanding payment and stating that collection-agency fees will be added to you due, per all terms by that deadline.

Mitigation of Damages. If you move out early, you'll be subject to paragraphs 11 and all other remedies. We'll exercise customary diligence to relet and minimize damages. We'll credit all subsequent rent that we actually receive from subsequent residents against your liability for past-due and future rent and other sums due.

05202008018004Ex08031854

LaKeshia R [signature]
Your Initials ____   Initials of Our Representative/s ____

Apartment Lease Contract         © 2007, Texas Apartment Association, Inc.    Page 6 of 6

## General Clauses

**33. MISCELLANEOUS.** Neither we nor any of our representatives have made any oral promises, representations, or agreements. This Lease Contract is the entire agreement between you and us. Our representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Lease Contract or any part of it, unless in writing, and no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives unless in writing. No action or omission by us will be considered a waiver of our rights or of any subsequent violation, default, or time or place of performance. Our not enforcing or belatedly enforcing written-notice requirements, rental due dates, acceleration, liens, or other rights isn't a waiver under any circumstances. Except when notice or demand is required by statute, you waive any notice and demand for performance from us if you default. Written notice to or from our managers constitutes notice to or from us. Any person giving a notice under this Lease Contract should retain a copy of the memo, letter or fax that was given as well as any fax transmittal verification. Fax signatures are binding. All notices must be signed. Notices may not be given by email.

Exercising one remedy won't constitute an election to waive other remedies. Insurance subrogation is waived by all parties. All remedies are cumulative. No employee, agent, or management company is personally liable for any of our contractual, statutory, or other obligations merely by virtue of acting on our behalf. This Lease Contract binds subsequent owners. Neither an invalid clause nor the omission of initials on any page invalidates this Lease Contract. All notices and documents may be in English and, if our option in any language that you read or speak. All provisions regarding our non-liability and non-duty apply to our employees, agents, and management companies. This Lease Contract is subordinate to existing and future recorded mortgages, unless the owner's lender chooses otherwise. All Lease Contract obligations must be performed in the county where the apartment is located.

We may deactivate or not install keyless bolting devices on your doors if (1) you or an occupant in the dwelling is over 55 or disabled, and (2) the requirements of Section 92.153(e) or (f) of the Property Code are satisfied.

## Security Guidelines for Residents

**34. SECURITY GUIDELINES.** We care about your safety and that of other occupants and guests. No security system is foolproof. Even the best system can't prevent crime. Always act as if security systems don't exist since they are subject to malfunction, tampering, and human error. We disclaim any express or implied warranties of security. The best safety measures are the ones you perform as a matter of common sense and habit.

Inform all other occupants in your apartment, including any children you have, about these security guidelines. We recommend that all residents and occupants use common sense and follow crime-prevention tips, such as those listed below.

- In case of emergency, call 911. Always report emergencies to authorities first and then contact the management.
- Report any suspicious activity to the police first and then follow up with a written notice to us.
- Know your neighbors. Watching out for each other is one of the best defenses against crime.
- Always be aware of your surroundings and avoid areas that are not well traveled or well-lit.
- Keep your keys handy at all times when walking to your car or home.
- Do not go inside if you arrive home and find your door open. Call the police from any other location and ask them to meet you before entering.
- Make sure door locks, window latches and sliding glass doors are properly secured at all times.
- Use the keyless deadbolt on your apartment when you are at home.
- Don't put your name or address on your key ring or hide extra keys in obvious places, like under a flower pot. If you lose a key or have concerns about key safety, we will rekey your locks at your expense, in accordance with paragraph 9 of the Lease Contract.

- Check the viewer before answering the door. Don't open the door if you don't know the person or have any doubts. Children who are old enough to take care of themselves should never let anyone inside when home without an adult.
- Regularly check your security devices and detection devices to make sure they are working properly. Detection device batteries should be tested monthly and replaced at least twice a year.
- Immediately report to us in writing (dated and signed) to us any needed repairs of security devices, doors, windows, detection devices, as well as any other malfunctioning safety devices on the property, such as broken access gates, burned out exterior lights, etc.
- If your doors or windows are not secure due to a malfunction or breakage, stay with a friend or neighbor until the problem is fixed.
- When you leave home, make sure someone knows where you're going and when you plan to be back.
- Lock your doors and leave a radio or TV playing softly while you're gone. Close curtains, blinds and window shades at night.
- While gone for an extended period, secure your home and use lamp timers. Also stop all deliveries (such as newspaper and mail) or have them come picked up daily by a friend.
- Know at least two exit routes from your home, if possible.
- Don't give your keys, codes or gate access cards to anyone.
- Always lock the doors on your car, even while driving. Take the keys and remove or hide any valuables. Park your vehicle in a well-lit area.
- Check the backseat before getting into your car. Be careful stopping at gas stations or automatic teller machines at night or anytime when you suspect danger.

There are many other crime prevention tips readily available from police departments and others.

## When Moving Out

**37. MOVE-OUT NOTICE.** Before moving out, you must give our representative advance written notice of your intent to move out as provided below. Your move-out notice will not release you from liability for the full term of the Lease Contract or renewal term. You will still be liable for the entire Lease Contract term if you move out early (paragraph 22) except under the military clause (paragraph 23). YOUR MOVE-OUT NOTICE MUST COMPLY WITH EACH OF THE FOLLOWING:

- We must receive advance written notice of your move-out date. The advance notice must be at least the number of days of notice required in paragraph 3 or in special provisions even if the Lease Contract has become a month-to-month lease after the required notice is received or the first of the month below are written notice on the last day of the month of extended move-out, provided that all other requirements below are met.
- The move-out date on your notice (dated and signed) must be the last day of the month, or it may be the exact day designated in your notice, if notice is given the required number of days in advance.

- Your move-out notice won't be in writing. Oral move-out notice will not be accepted and will not terminate your Lease Contract.
- Your move-out notice must not terminate the Lease Contract sooner than the end of the Lease Contract term or renewal period.
- If we require you to give us more than 30 days written notice to terminate the Lease Contract before the end of the lease term, we will give you a written reminder not less than 5 days nor more than 90 days before your deadline for giving us your written move-out notice. If we fail to provide a reminder notice, 30 days written notice to move-out is required.

YOUR NOTICE IS NOT ACCEPTABLE IF IT DOES NOT COMPLY WITH ALL OF THE ABOVE. We recommend you use our written move-out form to ensure that you provide the information needed. You must obtain from our representative written acknowledgment that we received your move-out notice. If we terminate the Lease Contract, we must give you the same advance notice—unless you are in default.

05202008018005x08031854

**34. PAYMENTS.** Payment of all rents is an independent covenant. At our option and without notice, we may apply money received to either your late payment under paragraph 12 or utility payments or gas, water, or electricity first to any of your unpaid obligations, then to current rent—regardless of notations on checks or money orders and regardless of when the obligations arose. All sums other than rent are due upon our demand. After the due date, we do not have to accept the rent or any other payments.

**35. TAA MEMBERSHIP.** We represent that at the time of signing this Lease Contract or a Lease Contract Renewal Form: (1) we; (2) the management company that represents us; or (3) any locator service that procured you is a member in good standing of both the Texas Apartment Association and the affiliated local apartment association for the area where the apartment is located. The member is either an owner/management company member or an associate-member doing business as a locator service (whose name and address is disclosed on page 6). If not, the following applies: (1) this Lease Contract is voidable at your option and is unenforceable by us (except for property damages); and (2) we may not recover past or other charges. The above remedies also apply if both of the following occur: (1) the Lease Contract is automatically renewed on a month-to-month basis for more than one time after membership in TAA and the local association has lapsed; and (2) neither the owner nor the management company is a member of any TAA and the local association at the time the third automatic renewal begins. A signed affidavit from the local affiliated apartment association which attests to non-membership when the Lease Contract or renewal was signed will be conclusive evidence of non-membership. The Lease Contract is voidable at your option if the Lease Contract or any lease addendum that is a copyrighted TAA form fails to show at the bottom of each page the name of all original residents listed in paragraph 1 or contains the same form identification code as any other resident's Lease Contract or lease addendum, or if your TAA Rental Application contains the same form identification code as any other resident's. Rental Application. Governmental entities may use TAA forms if TAA agrees in writing.

38. **MOVE-OUT PROCEDURES.** The move-out date can't be changed unless we and you both agree in writing. You won't move out before the Lease Contract term or renewal period ends in part or full. Early move-out may result in reletting charges and acceleration of future rent under paragraphs 11 and 32. You're prohibited by law from applying any security deposit to rent. You won't stay beyond the date you are supposed to move out. All monitors, guests, and occupants must surrender or abandon the apartment before the 30-day period for deposit refund begins. You must give us and the U.S. Postal Service, in writing, each resident's forwarding address.

39. **CLEANING.** You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you don't clean adequately, you'll be liable for reasonable cleaning charges—including charges for cleaning carpets, draperies, furniture, walls, etc. that are soiled beyond normal wear (that is, wear or soiling that occurs without negligence, carelessness, accident, or abuse).

40. **MOVE-OUT INSPECTION.** You should meet with our representative for a move-out inspection. Our representative has no authority to bind or make any representations as to deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final refunding or accounting.

41. **SECURITY DEPOSIT DEDUCTIONS AND OTHER CHARGES.** You'll be liable for the following charges, if applicable: unpaid rent; unpaid utilities; unreimbursed service charges; repairs or damages caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes; replacement cost of our property that was in or attached to the apartment and is missing; replacing dead or missing detection device batteries at any time; utilities for repairs or cleaning; trips to let in company representatives to remove your telephone or TV cable services or rental items (if you so required or have to rent out), trips to open the apartment when you or any guest or occupant is missing a key; unreturned keys; missing or burned-out light bulbs; removing or rekeying unauthorized security devices or alarm systems; agreed reletting charges; packing, removing, or storing property removed or stored according to paragraph 13; removing illegally parked vehicles; special trips for trash removal caused by parked vehicles blocking dumpsters; false security-alarm charges unless due to our negligence; animal-

related charges under paragraphs 6 and 27; government fees or fines against us for violation (by you, your occupants, or guests) of local ordinances relating to smoke detectors, fire alarms, recycling, or other matters; late payment and returned-check charges; a charge (not to exceed $100) for our time and inconvenience in our lawful removal of an animal or in any valid eviction proceeding against you, plus attorney's fees, court costs, and filing fees actually paid; and other sums due under this Lease Contract.

You'll be liable to us for (1) charges for replacing all locks and security devices referenced in paragraph 5 if you fail to return them on or before your actual move-out date; (2) accelerated rent if you have violated paragraph 32; and (3) a reletting fee if you have violated paragraph 11.

42. **DEPOSIT RETURN, SURRENDER, AND ABANDONMENT.** We'll mail you your security deposit refund (less lawful deductions) and an itemized accounting of any deductions no later than 30 days after surrender or abandonment, unless statutes provide otherwise.

You have surrendered the apartment when: (1) the move-out date has passed and no one is living in the apartment in our reasonable judgment; or (2) all apartment keys and access devices listed in paragraph 5 have been turned in where rent is paid—whichever date occurs first.

You have abandoned the apartment when all of the following have occurred: (1) everyone appears to have moved out in our reasonable judgment; (2) clothes, furniture, and personal belongings have been substantially removed in our reasonable judgment; (3) you've been in default for non-payment of rent for 5 consecutive days, or water, gas, or electric service for the apartment not connected in our name has been terminated or transferred; and (4) you've not responded for 2 days to our notice left on the inside of the main entry door, stating that we consider the apartment abandoned. An apartment is also "abandoned" 10 days after the death of a sole resident.

Surrender, abandonment, or judicial eviction ends your right of possession for all purposes and gives us the immediate right to: clean up, make repairs in, and relet the apartment, determine any security deposit deductions, and remove property left in the apartment. Surrender, abandonment, and judicial eviction affect your rights to property left in the apartment (paragraph 13), but do not affect our mitigation obligations (paragraph 32).

### Signatures, Originals and Attachments

43. **ORIGINALS AND ATTACHMENTS.** This Lease Contract has been executed in multiple originals, each with original signatures—one for you and one or more for us. Our rules and community policies, if any, will be attached to the Lease Contract and given to you at signing. When an Inventory and Condition form is completed, both you and we should retain a copy. The items checked below are attached to this Lease Contract and are binding even if not initialed or signed.

☐ Access Gate Addendum
☐ Additional Special Provisions
☐ Animal Addendum
☐ Apartment Rules or Community Policies
☐ Asbestos Addendum (if asbestos is present)
☐ Early Termination Addendum
☐ Enclosed Garage Carport or Storage Unit Addendum
☐ Inventory & Condition Form
☐ Intrusion Alarm Addendum
☐ Lead Hazard Information and Disclosure Addendum
☐ Lease Contract Guaranty (guarantee, if more than one)
☐ Legal Description of Apartment if rental term is longer than one year
☐ Military SCRA Addendum
☐ Mold Information and Prevention Addendum
☐ Move-Out Cleaning Instructions
☐ Notice of Intent to Move Out Form
☐ Parking Permit or Sticker (quantity: _____)
☑ Rent Concession Addendum
☑ Renter's or Liability Insurance Addendum
☐ Repair or Service Request Form
☑ Satellite Dish or Antenna Addendum
☐ SUSD Tenant Guide to Water Allocation
☐ Utility Allocation Addendum for: ☐ electricity ☐ water ☐ gas ☐ rented system costs ☐ trash removal ☐ cable TV
☑ Utility Submetering Addendum for: ☐ electricity ☑ water ☐ gas
☑ Other **New Construction Addendum**
☑ Other **Consolidated Agst Add . . .**

*Name and address of locator service (if applicable)*

You are legally bound by this document. Please read it carefully.

Before submitting a rental application or signing a Lease Contract, you may take a copy of these documents to review and/or consult an attorney.

Additional provisions or changes may be made to the Lease Contract if agreed to in writing by all parties.

You are entitled to receive an original of this Lease Contract after it is fully signed. Keep it in a safe place.

Resident or Residents (all sign below)
LaKeshia R. Edmond

Date signed: 05/20/08

_____    Date signed: _____
_____    Date signed: _____

Owner or Owner's representative (signing on behalf of owner)

_____
Address and phone number of owner's representative for notice purposes

_____
_____

_____
After-hours phone number
(Always call 911 for police, fire or medical emergencies)

Date form is filled out (same as on top of page 1) **05/20/2008**

LaKeshia R. Edmond
AMLI at Fossil Lake
Apartment Lease Contract    TAA Official Statewide Form © A-B-C © 2 Revised October 2007, Copyright 2007, Texas Apartment Association, Inc.    Page 6 of 6

05202008010006tx08031854

LaKeshia Edmond

11504 Gloriosa Drive

Fort Worth Texas 76244

Sovereign Professional Services


Good morning my name is LaKeshia Edmond and I am the plaintiff and business owner that has filed these cases in your court.


I am not sure if who's attention this needs to go to, but I have already paid for postage for you to return to the defendants, as well as myself.


You should receive two envelopes that have USPS return mail receipts in both as well as Signature Confirmation per instruction sheet.


If you need to reach me please contact me at 817 653 1393.


Thanks,

Keshia Edmond


FILED

SEP  2 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

Exhibit 3

THE CIRCUIT COURT OF *Herber* COUNTY, ARKANSAS

*11th* _____ DIVISION [Civil, Probate, etc.]

*Sovereign Services Business owner/autumn R. Edmon*

Plaintiff

v.

No. *35cv-15-464*

*Fair Collections and Outsourcing*

Defendant

SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

*Fair Collections and Outsourcing* [Defendant's name and address.]

*1234 Baltimore Ave Ste E Belsville MD 20705*

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion/must also be served on the plaintiff or plaintiff's attorney, whose name and address are: *Autumn Edmon 1814 Chinook Drive Fort Worth TX 76244*

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

P.O. Box 7433

Pine Bluff, Ar  71611

LAFAYETTE WOODS, SR., Circuit Clerk

*Lisa Harris* D.C.

[Signature of Clerk or Deputy Clerk]

SEP   2 2015

Date:_____

No. _____ This summons is for *Fair Collections &Outsourcing* *(name of* *Defendant)*.

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____ [name], a
person at least 14 years of age who resides there, on _____ [date]; or

☐ I delivered the summons and complaint to _____ [name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____ [name of defendant] on _____ [date]; or

☑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: *PVC postage, mail (envelopes from plaintiff/a Krishna El w2*

☐ I was unable to execute service because: _____
_____

My fee is $ _____.

Exhibit 4

**Form for Notice and Acknowledgment**
**for Service by Mail under Ark. R. Civ. P. 4(d)(8)(B)**

This form is to be used only for service by mail under Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure. It cannot be used for service by mail under Rule 4(d)(8)(A) or for service by a commercial delivery company under Rule 4(d)(8)(C).

*35cv-15- 464*

**NOTICE**

To: [Defendant's name and address] *Faycetta Husband Libraries*

A lawsuit captioned _____ [insert caption of case from complaint] has been filed against you in the Circuit Court of _____ County, Arkansas. The enclosed summons and complaint are served on you in accordance with Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days. If you do not do so, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within the time specified in the summons. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, partnership, limited liability company, unincorporated association, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and are authorized to receive service, you must indicate under your signature your authority.

As the sender of this Notice and Acknowledgment of Receipt of Summons and Complaint, I declare under penalty of perjury that it is being mailed on [date].

Sender's Address: _____

_____

_____

_____ [Signature]

_____ [Printed Name]

_____ [Date of Signature]

## ACKNOWLEDGMENT OF RECEIPT
## OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the lawsuit referenced above at [address] on [date].

_____
[Signature]

_____
[Printed Name]

_____
[Relationship to Entity / Authority to Receive Service]

_____
[Date of Signature]

Exhibit 5

CASE NO.

{

{

{

{

{

{

{

IN THE CIRCUIRT COURT OF 11th

JUDICIAL CIRCUIT IN AND FOR

JEFFERSON COUNTY, ARKANSAS

GENERAL JURISDICTION

Request to Amend Case  35 CV 15-464

We the Plaintiff  LaKeshia RaShawn Edmond request to Amend Case  35 CV-15-464  in the 11th District Court of Jefferson  County Pine  Bluff, Arkansas.

Wherefore we have found Defendants Fair Credit Collections , Amli Residential, Equifax, Experian, Transunion and   Bureau of Financial Protection have   failed to report   Miss LaKeshia Rashawn Edmond personal credit report to the credit bureaus accurately for a second time.

Wherefore, we also respectfully request to expedite all court dates as well as expedite a ruling in summary judgement for defendant due her current living conditions.

Plaintiff spoke with Renee Carol on and informed Fair Credit and Outsourcing that there was a civil suit that is being placed against them.

Plaintiff asked Ms. Carol could she get a copy of  letter stating that this was not her debit, but Defendant refused

FILED

SEP 2 5 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

In September 2015, Miss LaKeshia Edmond, Plaintiff had her personal credit pulled and found that Defendants Fair Credit and Outsourcing did not contact to original creditors Amli Residential to inform them of this matter and therefore, Miss Edmond has brought civil suit litigation on both Fair Credit and Outsourcing, Amli Residential, and Bureau of Financial Protection.

Miss LaKeshia RaShawn Edmond also requests to freeze all bank accounts after 3rd of November for payment posting of rent for Amli Residential.

Miss LaKeshia RaShawn Edmond also requests to freeze all bank accounts for Fair Credit and Outsourcing on September 25, 2015.

Miss LaKeshia RaShawn Edmond al requests to freeze all Bureau of Consumer Financial Protection on September 28th 2015

Miss LaKeshia RaShawn Edmond seeks relief from all parties involved due to her civil rights being violated.

Miss LaKeshia RaShawn Edmond has brought further civil suit actions on Equifax, Experian, and Transunion for invalid reporting someone's debt.

Miss Edmond, Plaintiff requests that all monies, property, stocks, ownerships, licensing and all other financial transactions be placed in her personal account immediately due to her current living conditions as well a court date be set for all parties to transfer ownership from all companies

SOVEREIGN PROFESSIONALSERVICES FOR BUSINESS OWNER LAKESHIA RASHAWN EDMOND

Plaintiff,

Vs.

Fair Credit and Outsourcing, Amli Residential, Bureau Consumer Financial Protection, Experian, and Transunion Defendants,

Miss Edmond and business owner who suffers from a mental illness and lives at the homeless shelter of the Presbyterian Night Shelter located in Fort Worth Texas has not been able to move into her new home due to this matter with Fair Credit Outsourcing, Amli Residential, Bureau of Consumer Financial Protection. Which has caused her child as well as her mother to suffer greatly due to this matter and error. That is why we are seeking monetary damages for her.

### Demand for Relief

WHEREFORE, the Plaintiff   LaKeshia RaShawn Edmond, who suffers from Schizophrenia a mental illness, demands summary judgement against Defendant Fair Collections and Outsourcing, Amli Residential, Bureau 375 trillion from the Consumer Financial Protection for the sum 25 billion from Fair Credit and Outsourcing, 30 billion from Amli Residential which include all property as well as all momentary assets as well as stocks, all property in all states as well as all ownerships to all bank accounts in all states. 800 million from Equifax, all rights, properties, licensing, ownerships, and control of stocks as well as any other assets. We the Plaintiff seek monetary damages in the amount of 50 billion from Experian as well as all rights, control of company, stocks, licensing, stocks, properties, and all other resources. We the plaintiff also seek monetary damages in the amount of 35 billion from Transunion as well as control of company, stocks, licensing, properties, buildings, and all other resources.

Miss Edmond seeks all control over hiring staff and personnel professional and as well as all rights, licensing.

### Plaintiff Demand

Plaintiff demands are civil summary judgement settlement.

Dated this 23[th] day of September 2015

LaKeshia R. Edmond

Pro Se

Exhibit 6

UNITED STATES DISTRICT COURT FOR

THE SOUTH CENTRAL DISTRICT OF STATE OF ARKANSAS


Request to amend case No: 35 CV-15-464

LRE Enterprise Owner LaKeshia Edmond,

       Plaintiff

   vs.

Fair Credit Outsourcing and Weinberg, Jacobs & Tolani, LLP

    Defendant


## COMPLAINT


     Plaintiff LaKeshia Edmond-LRE Enterprise complains against Defendant Fair Credit and Outsourcing and Weinberg, Jacobs &Tolani, LLP

  Plaintiff LaKeshia Edmond filed civil suit against Defendants Fair Credit and Outsourcing regarding on 08/28/2015 for fraudulently abuse of Plaintiff's LaKeshia Edmond's social security number.

   On September 2015 sent amended complaint for same above case due request for all credit bureaus as well as all other momentary value with all parties involved.

  Plaintiff then received email notification that Defendants attorneys' needed her social security number, but Plaintiff LaKeshia Edmond already provided to the courts as well as to the Defendants.

FILED

OCT  5 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

Demand for Relief

WHEREFORE, the Plaintiff and Business owner LaKeshia Edmond, who suffers from Schizophrenia a mental illness, who is being harassed by Defendants Fair Credit and Outsourcing and their attorney demands summary judgement against Weinberg, Jacobs & Tolani, LLP in the amount of 850 billion dollars as well as federal charges being filed for all parties involved as well as all other rights in previous monetary rights mentioned in her previous complaint as well as all business clients.

This would include an immediate seize to all Weinberg, Jacobs & Tolani, LLP  cash assets ,value, property, stocks, and ownerships  and their business clients cash assests, value, property, stocks and ownerships  which would  allow her immediate access to her requested amounts mentioned in this amended request as well as all other mentioned amendments the case that is still pending.

Plaintiff LaKeshia Edmond, has requested an immediate request to have all access to her funds and placed in her personal checking account which she has enclosed in her envelope to be sent to her in the requested time frame that she has stated and to be removed from the Presbyterian Night Shelter where she remains homeless waiting for her funds to be sent to her in a previous mentioned amendment.

Plaintiff Miss LaKeshia Edmond has demanded access to the above funds within ten days from the date of this letter to be placed in better living conditions which include gaining custody of her daughter Jordyn Phenice Edmond who resides with her custodial parent Rita Diane Edmond

Plaintiff Demand

Plaintiff demands are civil summary judgement settlement.

Dated this 4ᵇ day. of July 2015

LaKeshia R. Edmond

Pro-Se

Exhibit 7

UNITED STATES DISTRICT COURT FOR

THE SOUTH CENTRAL DISTRICT OF STATE OF ARKANSAS


Request to amend case No: 35 CV-15-464


LRE Enterprise Owner LaKeshia Edmond,

      Plaintiff

   vs.

Fair Credit Outsourcing and Weinberg, Jacobs & Tolani, LLP

      Defendant


## COMPLAINT


     Plaintiff LaKeshia Edmond-LRE Enterprise complains against Defendant Fair Credit and Outsourcing and Weinberg, Jacobs &Tolani, LLP

  Plaintiff LaKeshia Edmond filed civil suit against Defendants Fair Credit and Outsourcing regarding on 08/28/2015 for fraudulently abuse of Plaintiff's LaKeshia Edmond's social security number.

  On September 2015 sent amended complaint for same above case due request for all credit bureaus as well as all other momentary value with all parties involved.

 Plaintiff then received email notification that Defendants attorneys' needed her social security number, but Plaintiff LaKeshia Edmond already provided to the courts as well as to the Defendants.

FILED

OCT  7 2015

LAFAYETTE WOODS, SR
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

## Demand for Relief

WHEREFORE, the Plaintiff and Business owner LaKeshia Edmond, who suffers from Schizophrenia a mental illness, who is being harassed by Defendants Fair Credit and Outsourcing and their attorney demands summary judgement against Weinberg, Jacobs & Tolani, LLP in the amount of 850 billion dollars as well as federal charges being filed for all parties involved as well as all other rights in previous monetary rights mentioned in her previous complaint as well as all business clients.

This would include an immediate seize to all Weinberg, Jacobs & Tolani, LLP cash assets ,value, property, stocks, and ownerships and their business clients cash assests, value, property, stocks and ownerships which would allow her immediate access to her requested amounts mentioned in this amended request as well as all other mentioned amendments the case that is still pending.

Plaintiff LaKeshia Edmond, has requested an immediate request to have all access to her funds and placed in her personal checking account which she has enclosed in her envelope to be sent to her in the requested time frame that she has stated and to be removed from the Presbyterian Night Shelter where she remains homeless waiting for her funds to be sent to her in a previous mentioned amendment.

Plaintiff Miss LaKeshia Edmond has demanded access to the above funds within ten days from the date of this letter to be placed in better living conditions which include gaining custody of her daughter Jordyn Phenice Edmond who resides with her custodial parent Rita Diane Edmond

Plaintiff Demand

Plaintiff demands are civil summary judgement settlement.



Dated this 4th day, of July 2015

LaKeshia R. Edmond

Pro-Se

       **Lakeshia Edmond <lakeshiaedmond@gmail.com>**

---

## FCO Acct. # 3477503/ Lakeshia Edmonds
1 message

---

**Justin Devault** <justin@wjtlaw.com>                            Mon, Sep 28, 2015 at 12:33 PM
To: "Lakeshiaedmond@gmail.com" <Lakeshiaedmond@gmail com>

Dear Ms. Edmonds.

Please be advised that this office represents FCO in regards to the above captioned account number. We are conducting an investigation into the allegations stated in the complaint you filed with the Jefferson County Circuit Court. Could you please provide me your Social Security Number to assist us in our investigation?

You may respond to this email or contact me at the phone number below

Thank you  I look forward to your response

**Justin A. DeVault, Esq. – Weinberg, Jacobs & Tolani, LLP**

**Associate Attorney**

10411 Motor City Drive. Suite 500. Bethesda. Maryland 20817

Phone: (301) 468-5505 / Fax: (301) 468-5504

Email  Justin@wjtlaw.com

---

*The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. It is not intended as legal advice, and may not be relied upon or used as legal advice. Nor does this communication establish an attorney client relationship between us. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you.*

*IRS Circular 230 Disclosure: Any U.S. federal tax advice included in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties, or in connection with marketing or promotional materials.*

Exhibit 8

## Report Selection Criteria

**Case ID:**      35CV-15-464
**Citation No:**
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**    35CV-15-464 - LAKESHIA R EDMOND V FAIR CREDIT COLLECTIONS ET AL
**Filing Date:**  Wednesday, September 02nd, 2015
**Court:**     35 - JEFFERSON
**Location:**  CI - CIRCUIT
**Type:**      NO - NEGLIGENCE-OTHER
**Status:**   OPEN - CASE OPEN
**Images:**

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 3 | | | DEFENDANT | 13779381 | **FAIR CREDIT COLLECTIONS** |
| | | | | **Aliases:** | *none* |
| | | | | | |
| 2 | | | PRO SE PLAINTIFF | 13779379 | **EDMOND, LAKESHIA RASHAWN** |
| | | | | **Aliases:** | *none* |
| | | | | | |
| 1 | | | JUDGE | 7965417 | **11TH WEST CIRCUIT DIVISION 2** |
| | | | | **Aliases:** | *none* |

| 4 | | | DEFENDANT | 13779383 | **OUTSOURCING** |
| | | | | **Aliases:** | *none* |
| | | | | | |

## Violations

## Sentence

No Sentence Info Found.

## Milestone Tracks

*No Milestone Tracks found.*

## Docket Entries

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 09/02/2015 09:37 AM | AOC COVERSHEET CIVIL | | |
| **Entry:** | *none.* | | |
| **Images** | COVER SHEET | | |
| | | | |
| 09/02/2015 09:37 AM | COMPLAINT/PETITION FILED | | |
| **Entry:** | *none.* | | |
| **Images** | COMPLAINT | | |
| | PART 2 | | |
| | PART 3 | | |
| | | | |
| | | | |

| 09/02/2015 09:37 AM | MOF ORIGINAL | | |
|---|---|---|---|
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 09/02/2015 10:45 AM | SUMMONS ISSUED | | |
| **Entry:** | *none.* | | |
| **Images** | <u>SUMMONS</u> | | |
| | | | |
| 09/02/2015 10:47 AM | NOTICE - OTHER | | |
| **Entry:** | FORM FOR NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL UNDER ARK. R. CIV. P. 4(D)(8)(B) | | |
| **Images** | <u>NOTICE</u> | | |
| | | | |
| 09/25/2015 03:37 PM | FILING - OTHER | | |
| **Entry:** | *none.* | | |
| **Images** | <u>OTHER</u> | | |
| | | | |
| 10/05/2015 03:20 PM | AMENDED COMPLAINT | | |
| **Entry:** | *none.* | | |
| **Images** | <u>AMENDED COMPLAINT</u> | | |
| | | | |
| 10/07/2015 02:47 PM | AMENDED COMPLAINT | | |
| **Entry:** | *none.* | | |
| **Images** | <u>AMENDED</u> | | |
| | | | |